AMOS J. PASSINO v. BRADY BRASS COMPANY.

Submitted December 1, 1910—Decided September 27, 1912.

1. A contract for a definite period may be continued for a like period of time and from year to year thereafter by acts and conduct of the parties indicative of an intent to that effect.

2. Whether such was the intent of the parties presents a question of fact for the jury to be deduced from the facts and circumstances coincident with the dealings and conduct of the parties.

3. A contract of service to run from September, 1909, and ending on September 1st, 1910, is a contract to be performed within a year and not within the purview of the statute of frauds.

4. The contract in suit having arisen by implication of law is not within the purview of the statute of frauds.

5. Whether the plaintiff was discharged for a justifiable charge, and whether he assented thereto, were jury questions.

6. Whether the plaintiff, after his discharge, made a *bona fide* effort to procure other employment for the purpose of reducing the damages, presented a jury question.

On error to the Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff, *Tennant & Haight.*

For the defendant, *Collins & Corbin.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff, claiming that he was wrongfully discharged from his employment by defendant, brought suit to recover damages resulting from the alleged dismissal, which suit resulted, after trial in the Hudson Circuit, in a verdict in his favor.

The substance of his complaint was that he was employed by the defendant as manager and superintendent of its business in Jersey City for one year from September, 1909, and without sufficient legal cause was discharged therefrom on

October 13th, 1909; that his salary was fixed at the sum of $2,500 per year, payable in equal semi-monthly payments. It appears that during his employment he was constituted the secretary of the company by the directors, and the inference is that the salary comprehended the compensation for the performance of the duties of both manager and secretary.

The defendant insisted that the plaintiff was not employed for a year; that his discharge was warranted, and that the plaintiff had acquiesced in it.

At the trial these contentions presented the substantial issue.

It was in evidence that Mr. Brady, the president of the company, hired the plaintiff for the term of one year from September 1st, 1901, and it also appeared that under the by-laws of the company Brady possessed that power. It was also in evidence that when the contract of employment was entered into its continuance was uncertain and without limitation beyond the year, except that Brady informed the plaintiff that the defendant was a good company and that there was no reason why the plaintiff should not continue with it. The salary of $1,900 per annum was $100 more than the plaintiff had been receiving from the American Steel Foundries, his previous employer, and, as an extra inducement, he was promised by Brady an increase at the rate of $100 per annum. In June, 1907, the plaintiff was elected secretary of the company at a salary of $2,000 per annum, commencing July 1st, to fill the vacancy of one Rubens, and at the September annual meeting of the board he was re-elected. The by-laws of the company provide that officers shall serve for one year. In August, 1908, his salary was increased to $2,500 per year to take effect on the 1st day of September, 1908, and on September 24th, 1909, he was re-elected secretary. During the entire period of his employment he performed the duties of manager and secretary of the company for the salary he received, and no other proof exists from which a clear and definitive time limit fixing the term of his service can be said to have been imposed. On October 13th, 1909, Brady claimed that the plaintiff had broken his con-

tract, and therefore discharged him, and the board subsequently dismissed him as secretary. In discharging him, Brady said: "You have broken your contract." In dismissing him, the board declared that his successor should fill the vacancy "for the unexpired term."

The plaintiff did not seek other employment, but engaged in business on his own account, which did not prove successful.

Upon this state of facts the defendant moved to nonsuit, upon various grounds, the substance of which was that the facts thus elicited presented a question of law and not a jury question. The trial court refused the nonsuit, and we think properly, for the reason that, if the plaintiff's statement of the facts be accepted, a jury might find that there existed a continuing contract between these parties which contemplated the employment of the plaintiff in the dual capacity of manager and secretary, and that his unwarranted discharge from that employment created a liability upon the part of the defendant for the breach. 1 *Thomp. Corp.* 804; *Bank* v. *Patterson, 7 Cranch* 299; *Danforth* v. *President, &c.,* 12 *Johns.* (*N. Y.*) 227.

The existence of a continuing contract of service from year to year, or from one definite period to another, may be implied from proved facts and circumstances, and the course of business between the parties, and is always a question of the intent of the parties. *Houghwout* v. *Boisanbin,* 3 *C. E. Gr.* 315; *Clark Con.* 24; *Tatterson* v. *Suffolk Co.,* 106 *Mass.* 56; 9 *Cyc.* 242; *Beach* v. *Mullin,* 5 *Vroom* 343.

The testimony presented by the defendant in contradiction of the plaintiff's allegations and testimony, simply accentuated this issue and presented essentially a jury question, as the trial court properly ruled upon the motion of defendant to direct a verdict in its favor. The entire issue, dissociated from incidental controversies, was whether the contract between the parties was as the plaintiff alleged or as the defendant contended, and this contention having been settled by the jury in the plaintiff's favor, it must be concluded that they found that the plaintiff was employed for a year from

September, 1909, to September, 1910, and that this contract on the latter date was continued by legal implication unmodified, for the year ending on August 31st, 1910. The facts having been determined in the plaintiff's favor, such, under the general consensus of authority, is the legal rule applicable to the case. 26 *Cyc.* 976; *O'Connor* v. *Briggs,* 182 *Mass.* 387; *Adams* v. *Fitzpatrick,* 125 *N. Y.* 124; *Brightson* v. *Claflin Co.,* 180 *Id.* 76; *Tatterson* v. *Suffolk Co., ubi supra.*

We deem the contract under consideration therefore to be one which by its terms was to be performed within a year.

It was urged by defendant, that the plaintiff having assented to his discharge, could not sustain the action for damages alleged to have arisen by reason of it. This, however, in view of the plaintiff's allegation of the defendant's attitude in this regard, presented a question of fact for the jury, and was properly submitted to them by the trial court. The fact that the plaintiff, in reply to Brady's mandate to "look for another job," replied in the colloquial vernacular, "all right," is susceptible of another construction than that put upon it by defendant, *i. e.,* of assent to an illegal or unwarranted direction.

Nor was the plaintiff under the obligation to seek employment under another employer for the purpose of reducing the damages, under the familiar legal rule which imposes the obligation of seeking employment upon him. It is enough that a *bona fide* effort to employ his time profitably he engages in an employment which he endeavors to make remunerative and thereby arrest the loss under the contract sued upon. *Costigan* v. *Railroad Company,* 2 *Den.* 609; *Howard* v. *Daly,* 61 *N. Y.* 302; *Fuchs* v. *Koerner,* 107 *Id.* 529; *Wolf* v. *Studebaker,* 65 *Pa. St.* 459; 13 *Cyc.* 71, and cases cited.

There was an entire absence of evidence tending to show that the plaintiff could have procured remunerative employment of a kind similar to that from which he was discharged, and, in the absence of such testimony, it was competent for the jury to infer that no such opportunity presented itself and that the plaintiff availed himself of the most available and re-

munerative means of employing his time. *McDermott* v. *De Meridor Co.*, 51 *Vroom* 67; *Maynard* v. *Royal Worcester Co.*, 200 *Mass.* 1; *Toplitz* v. *Ullman*, 20 *N. Y. Supp.* 863; *Richardson* v. *Hartmann*, 22 *Id.* 645.

Our examination of the trial court's charge has satisfied us that the questions which we have considered, together with other debatable but incidental issues discussed in the briefs, were properly submitted to the jury, and that no material or injurious error in this respect exists upon the record of which the defendant can justly complain.

The judgment will be affirmed.