## GEORGE ELHARD v. FRED ROTT.

(162 N. W. 302.)

**Banking corporation — capital stock — "book value" — assets — liabilities — balance — as measure of value — promissory notes — interest-bearing — accrued interest — must be computed — specific performance.**

The "book value" of the capital stock of a banking corporation is reached by extending all the assets as they appear on the corporate books, and deducting all the liabilities and other matters required to be deducted, and taking the balance as a measure of value. The books are all of the books of the bank, and are not merely the ledger, and when part of the assets are promissory notes bearing interest, the accrued interest on such notes will be computed, even though such notes are not yet due.

Opinion filed March 17, 1917.

Action for the specific performance of a contract for the sale of corporate stock.

Appeal from the District Court of Logan County, *W. L. Nuessle,* J.

Judgment for defendant. Plaintiff appeals.

Affirmed.

*C. S. Buck,* for appellant.

The stock here involved had no fixed market value, had never been sold in the open market, and had attached to it nothing by which a basis could be fixed for a suit in damages by reason of a refusal to convey. White v. Schuyler, 31 How. Pr. 38.

A written contract for the conveyance of personal property particu-

larly described in the contract will be specifically enforced where the facts disclose that the stock (property) in question is not for sale, or was not for sale in the open market. 36 Cyc. 560.

Where the value of stock is not easily estimable, or the stock is not to be obtained readily elsewhere, or where there is some particular and reasonable cause for the vendee requiring the stock contract to be delivered, a court of equity will decree specific performance and compel the vendor to deliver the stock. Schmidt v. Pritchard, 135 Iowa, 240, 112 N. W. 804; Manton v. Ray, 18 R. I. 672, 49 Am. St. Rep. 811, 29 Atl. 998.

"Book value," as applied to the book value of corporate stock means value as predicated on the market value of the assets of the corporation after deducting its liabilities. Steeg v. Leopold Weil Bldg. & Improv. Co. 126 La. 101, 52 So. 232.

Such value is reached by taking account of all the assets and deducting all liabilities. Cabble v. Cabble, 111 App. Div. 426, 97 N. Y. Supp. 773; People ex rel. Knickerbocker F. Ins. Co. v. Coleman, 107 N. Y. 544, 14 N. E. 431; Comp. Laws 1913, § 2115.

Where the vendor has repudiated the agreement, thus making it appear that if the tender were made its acceptance would be refused, tender or offer by the vendee before suit is unnecessary. 36 Cyc. 704, 705.

*W. S. Lauder,* for respondent.

The subject-matter of the contract which is here sought to be specifically enforced is personal property,—twenty-five shares of bank stock. It is true that sometimes specific performance will compel the transfer of personal property; but, whether the contract relates to real property or personal property, its specific performance will never be enforced where the legal remedy is adequate. Pom. Spec. Perf. of Contr. p. 9, ¶ 8; Comp. Laws 1913, § 7194.

"It is also a ground of jurisdiction to decree specific performance, that there is no basis on which a jury can estimate the damages." 36 Cyc. subdiv. 6, p. 563 and cases cited under note 42; White v. Schuyler, 31 How. Pr. 38.

A plaintiff seeking specific performance to compel the transfer of bank stock must allege in his complaint facts showing that the stock has no market value, or that its value is not ascertainable with any

degree of certainty, and the proof must sustain these allegations. This is especially true in this state, where by statute the burden is put upon plaintiff to show that an action at law for damages for a breach of the contract to transfer the stock would not afford an adequate remedy. Bumgardner v. Leavitt, 35 W. Va. 194, 12 L.R.A. 776, 13 S. E. 67; Gilbert v. Bunnell, 92 App. Div. 284, 86 N. Y. Supp. 1123; Eckstein v. Downing, 10 Am. St. Rep. 404 and note, 64 N. H. 248, 9 Atl. 626; Turley v. Thomas, 135 Am. St. Rep. 667, note.

The important point in all such cases is as to whether the property, as sold and agreed to be conveyed, has in fact a value that can be ascertained with reasonable certainty. If it has, then specific performance will not lie, for the party has an adequate remedy at law for damages. Butler v. Wright, 186 N. Y. 259, 78 N. E. 1002.

The stock here in question is that of an ordinary North Dakota bank. There is nothing in connection with the stock which is unique, exceptional, or out of the ordinary. It was therefore neither impossible, impracticable, or even difficult to ascertain its value, and the plaintiff's proof not only failed to show that an action for damages would not be adequate, but his proof shows the very opposite. Lewman & Co. v. Ogden Bros. 5 Ann. Cas. 269, note.

Plaintiff did not himself offer to perform by paying for the stock the price agreed upon. An offer to perform was a condition precedent to his right to bring or maintain this action. Steeg v. Leopold Weil Bldg. & Improv. Co. 126 La. 101, 52 So. 232; McCulloch v. Bauer, 24 N. D. 109, 139 N. W. 318; Bigler v. Morgan, 77 N. Y. 312; Booth v. Milliken, 127 App. Div. 522, 111 N. Y. Supp. 791, 194 N. Y. 553, 87 N. E. 1115; Wells, F. & Co. v. Page, 3 L.R.A.(N.S.) 103 and note, 48 Or. 74, 82 Pac. 856; Gray v. Smith, 28 C. C. A. 168, 48 U. S. App. 581, 83 Fed. 824; Langley v. Dauray, 145 Mass. 325, 13 N. E. 908; Godfrey v. Rosenthal, 17 S. D. 452, 97 N. W. 365, and other cases; Bigler v. Morgan, 77 N. Y. 312; Heron v. Hoffner, 3 Rawle, 400; Bank of Columbia v. Hagner, 1 Pet. 464, 7 L. ed. 222; Traver v. Halsted, 23 Wend. 66.

In arriving at the "book value" of stock in a bank, the promissory notes given to and held by the bank are assets and all accrued interest on same is as much a part of the assets as the principal, and should be

considered and included. People ex rel. Knickerbocker F. Ins. Co. v. Coleman, 107 N. Y. 543, 14 N. E. 431.

"Neither party to an obligation can be compelled specifically to perform it, unless the other party thereto has performed, or is compelled to specifically perform, everything to which the former is entitled under the same obligation, either completely or nearly so, together with full compensation for any want of entire performance." Comp. Laws 1913, § 7193; Knudtson v. Robinson, 18 N. D. 16; Pederson v. Dibble, 12 N. D. 572, 98 N. W. 411; Crumbly v. Bardon, 70 Wis. 385, 36 N. W. 19; Lattin v. Hazard, 91 Cal. 87, 27 Pac. 515.

The plaintiff not having obligated himself to buy back the stock and not having performed the contract on his part, it follows that specific performance will not lie to compel defendant to perform. Ugland v. Kolb, 23 N. D. 162, 134 N. W. 879; Pederson v. Dibble, 12 N. D. 572, 98 N. W. 411; Pom. Spec. Perf. § 163; Fry, Spec. Perf. § 440; Waterman, Spec. Perf. § 196; 22 Am. & Eng. Enc. Law, 1019.

BRUCE, Ch. J. This is an action for the specific performance of a contract to sell bank stock. The defendant had agreed to sell the plaintiff the stock in question at its "book value" at the time of the purchase and the only question which we need to consider is the meaning of the term "book value." In arriving at the book value of the stock, was it necessary to compute the accrued interest on the notes which were held by the bank, even though such notes were not due? And did the books include all of the books of the bank, or merely the ledger? In other words, should a note for $500 which drew 10 per cent interest and was due six months from date be figured merely at its face value if only three months had run since the note was executed; or, in estimating its value, should the accrued interest for the three months be taken into consideration? The learned trial court held that in view of all the circumstances, the parties intended that in arriving at the book value of the stock such interest should be taken into consideration. We are satisfied that he was justified in this conclusion. We believe, indeed that the term "book value" has an established meaning in so far as the capital stock of a banking corporation is concerned. It "means value as predicated on the face value of the assets of the corporation after deducting its liabilities." Steeg v. Leopold Weil Bldg. & Improv. Co.

126 La. 101, 52 So. 235; Gabble v. Cabble, 111 App. Div. 426, 97 N. Y. Supp. 775; 1 Words & Phrases, 2d series, 479. The assets, of course, must appear upon the books of the company and must be able to be estimated therefrom, but it does not follow that the computation must have been made on such books and appear on the ledger. The book value of stock is determined by the face value of the assets as they appear upon the books. The bills receivable of every bank contain not merely the record of the notes and of the face value of the principal thereof, but of the interest which they draw, and the dates of their making and maturity. If these notes were sold or discounted, it is very clear that the interest already earned would be taken into consideration. A note, for instance, of $500 which draws interest at the rate of 10 per cent and which has run for three months is surely worth more than its face value of $500, even though it has some three months yet to run before it reaches maturity and the interest can be collected. This conclusion disposes of the case and the other questions raised need not be considered.

The judgment of the District Court is affirmed.