JAMES W. LANE, F. COIT JOHNSON, EDWARD M. SPURR, JOHN M. TALLMAN, JR. and FULLER E. CALLAWAY, Plaintiffs, v. ORIN A. BARNARD, Defendant.

(Supreme Court, New York Trial Term, June, 1918.)

Specific performance — action for — when decree of, granted — contracts — corporations — estoppel — good-will — meaning of " actual book value " — pleading.

When a corporation took over the business of a brokerage firm the good-will was entered on the books at a valuation of $200,000, and so carried as an asset until 1911. In 1914 an agreement entered into by all the stockholders provided that in the event of the voluntary or involuntary severance of the connection of any of the parties with the corporation the other parties to the agreement, or such of them as might elect so to do, should have the exclusive option of purchasing all, but not a part, of the holdings of the party whose connection had thus been severed of stocks and bonds in the said corporation as the same might exist at the date of said severance of connection. It was further agreed that the value of the common stock should be figured at the actual book value thereof. In an action for the specific performance of the agreement it appeared that when in 1917 defendant voluntarily severed his connection with the firm he was the owner of certain shares of the common stock of the corporation, that plaintiffs served written notice of election to purchase defendant's stock, tendered to him a certain sum and demanded said stock which was refused. *Held,* that the answer, which also asked for specific performance of the agreement, having denied that the sum tendered included the actual book value of the common stock, in that no credit was given on the books of the good-will which as alleged was a valuable asset of the value of $1,500,000, and that defendant was entitled to a stated sum in excess of the amount tendered,

and he having done nothing by which he was estopped from claiming his share of the good-will, an interlocutory decree will be entered for the appointment of a referee to take proof as to the value of the good-will, and upon the coming in of his report defendant will be granted a decree of specific performance for the payment of such sum as shall be found is the true book value of his common stock.

The meaning of the words "actual book value" is the value of all the assets of the corporation, not any arbitrary or fictitious value brought about as the result of some system of bookkeeping.

ACTION for the specific performance of an agreement.

Kellogg, Emery & Cuthell, for plaintiffs.

Hervey, Barber & McKee (Lanier McKee and Arthur Wm. Barber, of counsel), for defendant.

NEWBURGER, J. This action is brought to decree specific performance of an agreement entered into between the parties on the 2d day of April, 1914. The plaintiffs and the defendant with one Tobey were the only stockholders of J. H. Lane & Co. The agreement among other things provided that in the event of the voluntary or involuntary severance of the connection of any of the said parties with the said corporation the other parties to the said agreement, or such of them as might elect so to do, should have the exclusive option of purchasing all, but not a part, of the holdings of the party whose connection had thus been severed of stocks and bonds in the said corporation as the same might exist at the date of such severance of connection. It was further agreed that the preferred stock should be taken at par, and that the value of the common stock should be figured at the *actual book value thereof,* and that said option should be exercised by service of notice upon the party whose connection

had thus been severed at any time within fifty days after such severance, and that delivery of the stock and payment therefor should be made fifty days after the service of such notice. That in March, 1917, the defendant voluntarily severed his connection with J. H. Lane & Co., and he was then the owner of 713 shares of preferred stock and 951 shares of the common stock of the corporation. The plaintiffs elected to purchase the defendant's stock and served written notice of such election. That the plaintiffs tendered to the defendant the sum of $245,491 and demanded the stock belonging to him, which defendant refused. The answer of the defendant denies that the sum thus tendered included the full actual book value of the common stock in that no credit was given on the books of the good-will, which is a valuable asset, to wit, of the value of $1,500,000, and the defendant is entitled to $625,000 instead of the amount tendered, and also asks for specific performance. The facts are undisputed and there is no claim of fraud or misrepresentation. The important question to be determined is, What is the meaning of the words *actual book value?* There can be but one meaning; that is, the value of all of the assets of the corporation, not any arbitrary or fictitious value brought about as the result of some bookkeeping system. It has been repeatedly held that good-will is an asset, and at times the most valuable one, of a business. Judge Story, in his work on Partnership (§ 99), says that " good will may be properly enough described to be the advantage or benefit which is acquired by an establishment beyond the mere value of the capital stock, funds or property, employed therein in consequence of the general public patronage and encouragement which it receives from constant or habitual customers on account of its local position or common celebrity, or reputation for skill or affluence

or punctuality or from other accidental circumstances or necessities, or even from ancient partialities or prejudices." He adds that it may be assigned with the premises and the rest of the effects. In Parsons on Partnership it is defined as " that benefit or advantage which rests only on the good will, or kind and friendly feeling of others," and in a note it is. added " that, so far as it has a transferable value, it consists in the additional value which a business possesses when it can be sold as a going concern." (4th ed., § 181.) The learned author also indorses Lord Eldon's definition, and in another note says: " This definition, as we have above intimated, makes good will local and an incident of the place where business has been carried on, and not of the persons by whom it has been conducted. It is in this sense only that good will is recognized by the law as a pecuniary interest." In *People ex rel. Johnson* v. *Roberts,* 159 N. Y., 83, Judge Vann says: " Good will embraces at least two elements, the advantage of continuing an established business in its old place, and of continuing it under the old style or name. While it is not necessarily altogether local, it is usually to a great extent, and must, of necessity, be an incident to a place, an established business or a name known to the trade." It appears that the corporation took over the partnership of J. H. Lane & Co., and the good-will was entered on the books at a valuation of $200,000, and at that time the defendant became a stockholder. The corporation continued to carry the good-will as an asset on its books until 1911, and no item of good-will has appeared since on the books. It is admitted that no resolution of the stockholders or directors was passed directing the treasurer or bookkeeper to take the item of good-will out of the books. It is true that the returns by the corporation to the tax authorities of Massachusetts,

and which the defendant signed as an officer of the corporation, show that the item of good-will was omitted from the books, but there is absolutely no evidence showing any authority for such an act. It is admitted that the corporation of J. H. Lane & Co. is a going concern doing a very large business, and the stipulation between the parties submitted to me shows that the profits since 1909 have annually risen to an enormous sum. It is apparent to me that the business of J. H. Lane & Co. is an important one; it has a reputation that is very extensive, and therefore has a good-will that is a very valuable asset and should be properly entered in its books. As to the value thereof, that must be determined in another proceeding. Defendant did nothing that estops him from claiming his share of the good-will. Let an interlocutory decree be entered for the appointment of a referee to take proof as to the value of such good-will, and upon the coming in of the report a decree will be granted to the defendant directing specific performance on the payment of such sum as the referee shall find is the true book value of the common stock of J. H. Lane & Co.

Judgment accordingly.