The principal question presented by the motion to strike the bill of complaint is whether the defendants' covenant in restraint of trade is still in effect. Complainant makes fishing tackle accessories which it sells to jobbers and manufacturers scattered throughout the United States. In 1934, complainant employed the two defendants, who were mechanics. The contract of employment recites that the defendants may acquire information of such confidential nature relating to the business of complainant as would result, if disclosed, in irreparable injury to the complainant. Then follows the agreement of employment for a period of one year, subject to termination by either party on thirty days' notice to the other. Further, the defendants did agree "that they will not, during the term of this agreement, and for five years thereafter," engage in the construction of any machines for the production of articles manufactured by complainant, or "developed, *Page 102 
during the period of this employment" and that they will not "during this said term of employment and for five years thereafter," engage in a competing business within 1,000 miles of Newark.
The defendants continued in complainant's employ until February, 1945, and became fully familiar with the machines in its factory and their operation. The defendants are about to engage in the same line of business as that of complainant and have solicited the trade of complainant's customers and are now engaged in building a certain machine of the same type used by complainant. In 1935, complainant, for its own use, constructed this machine upon novel principles, and later improved and modified it to make swivels of sundry sizes and styles. It has carefully kept secret the design of the machine and of some other equipment which it has made and uses for the manufacture of its products.
Defendants point out that the written contract employed them for a term of one year expiring in 1935 and that their covenant was limited to the duration of "the term of this agreement and for five years thereafter." Hence, they say that ever since 1940 they have been at liberty to compete with complainant and to copy complainant's machines and methods.
Where, without a new express contract, the employment continues after the agreed term, provisions of the original contract, although collateral to the employment, are embodied in the implied contract unless their nature makes them inapplicable to the period beyond the original term. Styles v. Lyon
(Conn.), 86 Atl. Rep. 564; Fairchild v. Fairchild ClayProducts Co. (Neb.), 3 N.W. Rep. 2d 581; MagnoliaCompress, c., Co. v. Davidson (Tex.), 38 S.W. Rep. 2d634; Holton v. Hart Mill Co. (Wash.), 166 Pac. Rep.
2d 186; Toledo Machine, c., Co. v. Byerlein, 9 Fed. Rep.
2d 279; Hines v. Ward Baking Co., 155 Fed. Rep. 2d257. A case of our own akin to the one before me is Kislak v.Muller, 100 N.J. Eq. 110. A similar rule applies to covenants in a lease or partnership agreement where the relation is continued after the expiration of the original term. Barber v.Watch Hill Fire District (R.I.), 89 Atl. *Page 103 Rep. 1056; Gostin v. Needle (Md.), 45 Atl. Rep. 2d772; 163 A.L.R. 1013; Fagelle v. Marenna (Conn.),38 Atl. Rep. 2d 791. A case which seems to be contrary to the rule as I have stated it is Jenkins v. King (Ind.),65 N.E. Rep. 2d 121. The decision in National Cash Register Co.
v. Remington Arms Co., 209 N.Y.S. 40; 151 N.E. Rep. 144,
depended on the findings of fact.
The covenant of the defendants in the case before me were neither more burdensome to them nor less important to the complainant after the expiration of their first year of service than during that year. Since nothing to the contrary appears in the bill, I conclude that the covenant entered into the implied contract of employment and is still in force. The motion is denied.