POSTEL v. CARUSO et al.
Civ. No. 10347.

United States District Court
D. New Jersey.
Sept. 27, 1949.

Tobias A. Keppler, Deal, N. J., for plaintiff.

Samuel Voltaggio, Newark, N. J., Olcott & Jackson, New York City, John H. Jackson, New York City, for defendants.

FAKE, Chief Judge.

The plaintiff herein moves for summary judgment after answer filed, and the defendant by cross motion seeks to have the complaint dismissed for failure to state a claim upon which a recovery may be had.

The complaint recites the necessary jurisdictional prerequisites and asserts that on February 15, 1947, plaintiff was hired by defendant partnership, C–Eight Laboratories, to act as sole sales agent of electrically operated cigarette vending machines within a limited number of states "for a period of one year from February 15, 1947." That defendant agreed to furnish a minimum of 2000 machines to plaintiff and agreed to pay him $15 for each machine so sold, and that the bulk of deliveries would begin about May, 1947: That defendant, Eastern Electric Vending Machine Corporation, was the national sales agent for defendant, C–Eight Laboratories, and C–Eight requested plaintiff to perform the aforesaid contract in association with Eastern Electric, subject to the supervision of Eastern Electric without modifying the contract or releasing C–Eight, to which plaintiff consented, and Eastern Electric obligated itself to cooperate with plaintiff. The breach alleged is that without just cause defendants, on April 10, 1947, refused to perform the contract and so notified plaintiff.

Defendants answering say that the contract is unenforceable because the Statute of Frauds requires a writing unless performance can be completed within one year, citing Title 25, Chapter 1, Sec. 5 of the Revised Statutes of New Jersey, N.J.S.A. 25:1–5. The defendant Eastern Electric answering for itself alone says: Assuming the making of the contract as in the complaint alleged this defendant cannot be held liable because in the absence of a writing it cannot be held for the default of another, citing Title 25, Chapter 1, Sec. 5 of the Revised Statutes of New Jersey.

As to the contention first above made by both defendants, bearing upon the one year limitation fixed by statute, it appears that the contract between plaintiff and defendant C-Eight was entered into on the 15th day of February, 1947 to run for a "period of one year," nowhere, either in the complaint or in the answer, does it appear in what State or jurisdiction the contract was perfected. An affidavit in the file discloses that the contract was consummated in New Jersey. Noticing this affidavit does not in my opinion fall afoul of the ruling in Reynolds Metals Co. v. Metals Disintegrating Co., 3 Cir., 1949, 176 F.2d 90, which prohibits the use of affidavits to contradict the truth of a well pleaded allegation. Therefore plaintiff may amend his complaint to cover this oversight. Assuming the presence of such an amendment leads to the New Jersey Statutes which are well pleaded. The case law construing the statute in question is to the effect that a parol contract to cover the period of one

year permits of an action in New Jersey notwithstanding the Statute of Frauds. In Passino v. Brady Brass Co., 83 N.J.L. 419, 84 A. 615, 616, the court found that the plaintiff's contract ran "from September, 1909, to September, 1910," and said: "We deem the contract under consideration therefore to be one which by its terms was to be performed within a year." To the like effect see Dennis v. Thermoid Company, 22 A.2d 535, 19 N.J.Misc. 614, 616, affirmed 128 N.J.L. 303, 25 A.2d 886. So here the complaint alleges a contract to be performed within a year. The motion to strike the complaint on this ground is therefore denied.

The second contention made by defendant, Eastern Electric, is directed specifically to the Fifth allegation of the complaint. When analyzed it charges that Eastern Electric was the national sales agent of defendant C-Eight. This indicates that its agency covered the entire nation including the few States enumerated in the contract. This couples Eastern Electric with an interest which is not compatible with the thought that it was answering for the debt or default of another. Moreover, it further appears that in consideration of the consent of plaintiff to act in association with and subject to the supervision of Eastern Electric, in the performance of the contract with C-Eight, Eastern Electric, "for its own interest obligated itself to cooperate with and assist the plaintiff" in the performance of the contract sued upon. Therefore the complaint does not attempt to hold Eastern Electric for the debt default or miscarriage of another. The motion to strike the allegation is denied.

Voluminous affidavits for consideration on the pending motions are filed, one of 59 pages. They bear upon the truth or falsity of allegations in the pleadings, covering about everything which might be adduced at a trial. This court is wholly without authority to read them as bearing upon the truth of the pleadings, and therefore they have not been considered. See Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580; Reynolds Metals Co. v.

Metals Disintegrating Co., D.C., 8 F.R.D. 349, affirmed in the Court of Appeals, 3 Cir., 176 F.2d 90, supra.

Neither the complaint nor the answer will be stricken, and the issues of fact, as well as of law predicated thereon, are left for disposition at a trial.

An order will be entered in conformity herewith.