18 N.J. Super. 171 (1952)
86 A.2d 809
ROBINSON G. HOLLISTER, PLAINTIFF,
v.
THEODORE FIEDLER, EXECUTOR OF THE ESTATE OF WILLIAM C. FIEDLER, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 14, 1952.
*172 Mr. Harold D. Feuerstein and Mr. Lester Sandles, attorneys for plaintiff.
Mr. Louis Auerbacher, Jr., attorney for defendant.
STEIN, J.S.C.
This suit is brought by plaintiff, Robinson G. Hollister, against Theodore Fiedler as executor of the estate of William C. Fiedler, for specific performance of an agreement to surrender and deliver certain shares of *173 stock in Fiedler & Hollister, Inc., a corporation of New Jersey. Defendant counterclaims for an accounting.
Prior to 1944 plaintiff and William C. Fiedler (now deceased) were independently engaged in the insurance business in the City of Newark. On February 1, 1944, they became associated in Fiedler Agency, Inc., a corporation owned by William C. Fiedler and which was also engaged in the business of selling insurance. Plaintiff Hollister on that date undertook the management of the company. Later the name of the corporation was changed to Fiedler & Hollister, Inc.
On May 18, 1945, Fiedler & Hollister, Inc., Robinson G. Hollister and William C. Fiedler entered into two separate written agreements. The one agreement will be termed an employment agreement, by the terms of which plaintiff was employed as general manager for a term of five years. Other provisions of this agreement dealt with the employment of Fiedler and the method of computing compensation. The other agreement will be termed an option agreement. This agreement recites that Fiedler and Hollister each was the owner of 11 shares of the capital stock of Fiedler & Hollister, Inc., and contained a provision as follows:
"4. Upon the death of Fiedler or Hollister, the survivor of them, if still in the employ of the Company, shall have an option to purchase the shares of stock of the Company owned by the other upon the following terms and conditions:
(a)  Such survivor shall give written notice of the exercise of this option within sixty (60) days of such death to the personal representative of the deceased party or, in the absence of such personal representative, to his next of kin.
(b)  Within thirty (30) days of the giving of such notice as aforesaid, the survivor exercising the same shall tender to the legal representative of the deceased party, or, in the absence of such legal representative, to the next of kin of the deceased party, the book value of the shares of stock of the Company held by him, and shall agree to pay or cause to be paid to the lawful widow of such deceased party, if any there be, an amount equal to 25% of the net profits of the Company earned from and after the date of such death, determined after payment of all expenses, including all federal, state and local taxes, but before deducting therefrom the amount of any compensation payable by the Company to such surviving *174 party, for the term of her natural life, or until the death of said surviving party, whichever shall first occur; and
(c)  Thereupon, the surviving party shall acquire all the right, title and interest in the shares of stock of the Company held by the deceased party."
William C. Fiedler died August 29, 1950. It is conceded that plaintiff timely notified defendant as executor of the estate of William C. Fiedler of his intention to exercise the option to purchase the stock in accordance with sub-paragraph (a) of the agreement. Defendant contends however that (1) plaintiff was not an employee of Fiedler & Hollister, Inc., as contemplated by the option agreement and therefore had no right to exercise the option, and (2) that plaintiff did not tender the book value of the shares of stock as required by sub-paragraph (b) of the agreement.
Defendant's first point is without merit. Plaintiff's employment did not terminate upon the expiration of the contract. He continued uninterruptedly to the date of the final hearing. As a general rule, where one is employed for a definite period and continues in the employment after the expiration of that period without a new express contract, it is presumed that the employment is continued on the terms of the original contract. 56 C.J.S., Master and Servant, § 10; Art Wire & Stamping Co. v. Johnson, 141 N.J. Eq. 101, 56 A.2d 11 (Ch. 1947), affirmed 142 N.J. Eq. 723, 61 A.2d 240 (E. & A. 1948). Where, however, the original term is for more than a year the presumption is a renewal from year to year and not a renewal for the full original term. 56 C.J.S., Master and Servant, § 10.
Plaintiff admits that he made no tender for the shares of stock, and this because the shares had no book value as contemplated by sub-paragraph (b) of the agreement. There is in evidence balance sheets showing assets and liabilities prepared for the corporation by its accountant for the periods ending June 30, 1950, September 30, 1950, August 29, 1950, and October 28, 1950. Each of these statements show that the liabilities exceeded the assets. Both the plaintiff and *175 the accountant who prepared these statements testified that the same type of balance sheets were submitted to the corporation for a period of over six years and were accepted by the decedent William C. Fiedler.
But the defendant contends that these statements do not reflect the true picture inasmuch as a number of items are omitted therefrom, the principal ones of which requiring discussion are accounts receivable and good-will. The items which defendant claims represent accounts receivable are premiums for insurance policies written and bills therefor sent to the customers. The accountant testified that accounts receivable and accounts payable were not accrued; that accounts payable to insurance companies were only included in accounts payable after they were collected from the assured or advanced by the corporation for the assured. The accounts receivable were not included for the obvious reason that the policies of insurance may be cancelled by the customer. There is no evidence to show that the method of accounting pursued in the preparation of the balance sheets was improper.
No authority in this State has been cited and the court's research has revealed none. However, the term "book value" has now acquired an established meaning. It is the value of all of the assets of the corporation as shown on its books less all of its liabilities. Mills v. Rich, 249 Mich. 489, 229 N.W. 462 (Sup. Ct. 1930); Lane v. Barnard, 103 Misc. 707, 170 N.Y.S. 946 (Sup. Ct. 1918); Corbett v. McClintic-Marshall Corporation, 17 Del. Ch. 165, 151 Atl. 218 (Ch. 1930); Early v. Moor, 249 Mass. 223, 144 N.E. 108 (Sup. Jud. Ct. 1924); Elhard v. Rott, 36 N.D. 221, 162 N.W. 302 (Sup. Ct. 1917); Hagan v. Dundore, 50 A.2d 570 (Md. Ct. of App. 1947). In determining book value, good-will is not considered as an element, unless the agreement so provides. Early v. Moor, supra. Or it is carried on the books of the corporation as an asset. Lane v. Barnard, supra. The facts in the case of Early v. Moor, supra, are somewhat similar to those in the instant case. It was there *176 urged that good-will is an element to be considered in arriving at book value. As to this the court said:
"The defendant's contention that the good will of the business should have been taken into account in estimating the value of the stock cannot be sustained. There is no evidence in the record that it was of any value; if there had been such evidence, it could not have been considered as the parties did not include it in the agreement as an element to be taken into account."
In the agreement under consideration no mention is made of good-will; it only provides for book value. The proofs in the case indicate that the shares of stock had no book value at the time of Fiedler's death. It seems clear to me that the purpose of the parties to the agreement was that the survivor should have the decedent's shares of stock. The fact that the shares of stock had no book value, thus preventing a tender as required by the agreement, should not defeat the intention of the parties. Judgment will be entered for plaintiff. The counterclaim is dismissed.